• [No. 5786.]

### ALLEN v. SWADLEY ET AL.

**Evidence—Measure of Proof Required —** One who for thirty years has enjoyed a particular share of the waters of an irrigating ditch, making no claim to any greater share, and has acquiesced in the open and notorious enjoyment and use of the residue of the waters by others during the same time, must, if he asserts that a mistake occurred in the conveyance by which he acquired his right, and that he was entitled to a greater share of the water, make the facts appear by proofs sufficiently clear, direct and convincing to exclude all reasonable doubt, even though the grantor on the original deed has executed a new conveyance reciting the mistake.—(557)

*Appeal from Jefferson District Court*—Hon. A. H. DeFrance, Judge.

Mr. GEO. W. TAYLOR, for appellant.

Messrs. BENEDICT & PHELPS, and Mr. J. W. BARNES, for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

This was an action by William M. Allen for a decree of ownership in, and right to the possession, use and enjoyment of, an undivided one-sixth interest in the Swadley ditch and water right. It was consolidated for trial and tried with the case of William M. Allen, administrator, against the same defendants, brought to recover a like interest in the same

ditch and water right, on behalf of the estate of Thomas T. Reno, deceased, just decided by this court. The pleadings were substantially the same in both cases, differing only where necessary to properly state Allen's claim of right as distinguished from that of the estate of Thomas T. Reno, deceased. The decision in the latter case is largely controlling here, the claimed source of title in both cases being the same. The contention is that one John Reno was the owner of an undivided one-third interest in this ditch and water right, and that each plaintiff acquired an undivided one-sixth interest in the whole ditch and water right, or each one-half of the alleged interest of John Reno therein. As in the other case so here, the court found the facts against the plaintiff and dismissed the action. Reference is hereby made to the opinion in the other case, which contains a full statement of facts, many of which are applicable here.

It is undisputed that in 1868 Allen purchased certain lands, and an interest in the Swadley ditch and water right, from John Reno, taking his deed therefor. In this deed the interest in the ditch and water right conveyed, was stated as being one-eighth. From that time on down to 1904 Allen maintained, used and enjoyed an undivided one-eighth interest in that ditch and water, as tenant in common with the defendants and their grantors and predecessors in interest. He never claimed any other or different interest, until about the time this suit was commenced, and never used, maintained, possessed or enjoyed any other or different interest. The other seven-eighths interest in the ditch and water had been, during all of this period, used, occupied, possessed and maintained by the defendants and their grantors and predecessors. Some time in the early nineties, exactly when is not clear from the testi-

mony, Allen conceived the notion that instead of the one-eighth interest in this ditch and water right which was transferred by John Reno, he should have gotten one-sixth. And so some thirty-five years after the execution of the original conveyance he got John Reno to execute a quit-claim deed conveying to him a one-sixth interest therein. This instrument purports to have been given to correct a mistake in the original deed, as to the extent of the interest in that property thereby conveyed. Armed and fortified with the fresh deed, Allen forthwith begins this suit against the defendants to recover one-sixth interest in the ditch, alleging at great length ouster, fraud and conspiracy on their part to deprive him of his proper proportion thereof and therein. It is to be noted that plaintiff's right to have, use, possess and enjoy an eighth of this property is not now and never has been questioned. The purpose of this suit was simply to swell the one-eighth interest to one-sixth. The issues made by the pleadings are substantially the same as in the case above referred to. The plaintiff assumed in this case the burden of showing that John Reno originally owned a one-third interest in the ditch and water right, and in 1868, when the deed was made to him, that John Reno still owned at least that large an interest in the property, and that he actually sold to plaintiff that specific portion.

In view of the long period, during which the plaintiff used, was contented with, and made no claim for any other than one-eighth of the property, the proof to establish his claim, at this late day, to a greater interest therein, should have been clear, direct and convincing, certainly sufficiently so to leave no reasonable doubt in the mind of the court of the entire and absolute propriety of granting such increase. That the testimony was not satisfactory is plainly indicated by the court's finding, with which we are

in full and perfect accord, and which, for manifest and obvious reasons, not needful of enumeration, should now be upheld. There is not only no clear, convincing, or even persuasive affirmative testimony, to show that there was a mistake in the John Reno deed in 1868, which had gone undiscovered, unsuspected and uncorrected for over thirty-six years, but on the contrary, we think the testimony plainly establishes that the interest which John Reno had left in this ditch and water right, in 1868, and which he conveyed to William M. Allen, was exactly one-eighth thereof, being the precise share or portion which he then transferred to the plaintiff. The court's finding, and the judgment and decree of dismissal entered thereon, were correct, and are accordingly affirmed.                                  *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE WHITE concur.